## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| In re | Chapter 7 |
| **RICHARD and SANDRA RIESS,** | Case No. 11-19918 |
| Debtors. | Hon. Donald R. Cassling |

### CREDITOR'S OBJECTIONS AND QUESTIONS
### RELATING TO TRUSTEE'S FINAL REPORT

Creditor, Bellande & Sargis Law Group, LLP ("Creditor BSLG"), pursuant to Notice provided by the Trustee in this matter [Doc. 233], submits the following objections and questions relating to the Trustee's Final Report:[1]

1. The Final Report indicates Claim 1 was allowed as a secured claim in the amount of $61,654.35, consistent with the amended proof of claim and the Motion to Authorize Trustee to Disburse Payment to Secured Creditor and accompanying proposed order filed 4/24/2012 [Doc. 56]. However, the Final Report also shows the amount paid on the claim as $68,220.40. Creditor BSLG notes that, on 11/19/2012, after the motion to disburse had been pending for more than six months, and shortly before an 11/30/2012 hearing scheduled on the secured creditor's claim, the Trustee filed a separate proposed order [Doc. 66] to authorize disbursement of the higher amount. The proposed order was not accompanied by an amended motion or other explanation of the basis for the increased payment. Apparently with no objection pending, the Court signed two similar orders on 11/26/2012 and 11/29/2012, both approving the higher allowed amount [Docs. 68, 69] (copies attached as <u>Exhibit A</u>). The 11/30/2012 hearing was stricken on 11/27/2012 [Doc. 67], and the creditor was paid on 12/4/2012. Shortly thereafter, counsel for Creditor BSLG noticed the increased claim amount and asked the Trustee about it, who replied on 12/13/2012: "The secured creditor is entitled to receive interest up until the date they get payment and that is one reason I was so frustrated by Medicare. They cost the estate thousands of dollars in interest." Recently, when reviewing the Final Report, counsel for BSLG reviewed the question of payment

---

[1] Prior to this filing, counsel for BSLG contacted counsel for the Trustee and then attempted (but was unable) to reach the Trustee to discuss these objections, to see if there was a reasonable explanation for any of the questions raised by BSLG.

of interest to creditors. 11 U.S. Code § 726(a)(5) allows "payment of interest at the legal rate from the date of the filing of the petition, on any claim paid…" but only after payment of "allowed unsecured claims." There is no explanation in the Final Report or in any prior filings or communications indicating any basis for allowing the higher amount on the secured claim. Creditor BSLG seeks clarification on the basis for the additional amount of $6,566.05 paid to the secured creditor on Claim 1. Whether or not the additional payment may be challenged or recouped now, if payment of post-petition interest was not allowable under the Code, this fact should be considered in determining any adjustment to the Trustee's request for compensation.

2. Creditor BSLG also raises a question as to the amount allowed under Claim 9 by The Gloor Law Group. The Trustee lists $44,338.00 as the allowed amount, which is the amount claimed by the creditor. After claim objections by both the Trustee and Creditor BSLG [Docs. 100 and 112], the Court entered three separate but similar orders, ruling (in two of the orders) that the claim "is disallowed to the extent that it claims to be a secured claim; it is allowed as a general unsecured claim." [Docs. 133, 135, 136] (copies attached as <u>Exhibit B</u>). But, unlike the order allowing the secured creditor's claim (see Exhibit A), the orders concerning Claim 9 do not specify the allowed amount. Creditor BSLG points out that, beyond the one-third contingency fee claimed ($33,333 based on a $100,000 settlement amount), claimant's proof of claim added $11,005 in "hard costs" (total $44,338) but did not provide any detail or documentation for such costs. BSLG seeks clarification of the allowed amount since it is unclear from the record whether the Court intended to allow the entire contingency fee ($33,333) or also the undocumented costs.

3. Concerning exemptions claimed by debtors, the Final Report and the list of transactions in the Estate Property Record [Doc. 226] account for the following disbursements to one or both Debtors – one paid in 2012 and the others paid in 2013:

> 04/14/12 #102 RICHARD AND SANDRA RIESS exemption in Tronox claims 8100-002 $2,550.00
>
> 04/01/13 #10007 REISS, SANDRA debtor's exemption 8100-002 $2,550.00
>
> 04/01/13 #10008 REISS, RICHARD debtor's exemption 8100-002 $15,000.00
>
> 04/01/13 #10009 REISS, SANDRA debtor's exemption 8100-002 $7,500.00
>
> 04/01/13 #10010 RICHARD AND SANDRA REISS debtors exemption 8100-002 $2,550.00

However, in Debtors' amended Schedule C [Doc. 27] (attached as <u>Exhibit C</u>), there are only <u>two</u> exemptions listed in amounts of $2,550, not <u>three</u>. One listed exemption relates to Debtor Sandra

2

Riess's "financial loss" claimed in the DuPage fraud case and the other exemption relates to Debtors' interest in the funds collected by BSLG from the Tronox bankruptcy based on environmental claims. It is therefore possible that the Debtors were paid based on a third exemption they did not claim in their amended Schedule C.

4. Finally, in support of the percentage compensation requested under Section 326, the Trustee's calculation is based on $151,765.75 in total disbursements: total deposits of 181,915.75 less $30,150 in exemptions paid to Debtors. The maximum commission is based on total disbursements to "parties in interest." Even if the Trustee and professionals hired by the Trustee are themselves "parties in interest," even for this calculation, Creditor BSLG questions whether administrative expenses, including $6,602.70 in total monthly bank fees assessed in this case, should be included in the amount of total disbursements to parties in interest.

5. Creditor BSLG's allowed claims represent more than 58% of the total among general unsecured creditors. Based on the foregoing: (a) the secured creditor may have been overpaid by $6,566.05; (b) Claim 9 by Gloor Law Group LLC might have been overstated by $11,005, without any supporting documentation; (c) Debtors might have received disbursement of an "extra" exemption amount of $2,550.00; and (d) the Trustee's calculation of requested maximum allowed compensation is based, in part, on disbursement of administrative expenses (including $6,602.70 in monthly bank fees), which exceeds "total disbursements" to "parties in interest." To the extent some or all of these statements are true, Creditor BSLG suggests there should be a greater amount available to be paid to general unsecured creditors. As a result, whether or not any such errors may be corrected at this time, the Court may consider these facts in deciding whether to award compensation to the Trustee, pursuant to 11 U.S.C. § 330(a)(2), that is less than the amount of compensation requested, as more fully discussed in Creditor BSLG's Partial Objection to the Trustee's Application for Compensation, filed separately.

WHEREFORE, Creditor, BELLANDE & SARGIS LAW GROUP, LLP, requests that the Court exercise its discretion: (1) to correct any errors reflected in the Final Report and proposed disbursements that may be within its jurisdiction to correct; (2) consider these facts as additional basis for considering "reasonable compensation" for the Trustee; and (3) grant such additional relief as the Court may deem fair and equitable.

Date:   January 26, 2016 　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　BELLANDE & SARGIS LAW GROUP, LLP

　　　　　　　　　　　　　　　　　　　　BY:   /s/ Mark R. Sargis
　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

Mark R. Sargis (ARDC #6193673)
Bellande & Sargis Law Group, LLP
129 W. Wesley Street
Wheaton, IL  60187
(312) 853-8701

P:\2322-008\44461

4