### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| In re | Chapter 7 |
| **RICHARD and SANDRA RIESS,** | Case No. 11-19918 |
| Debtors. | Hon. Donald R. Cassling |

### CREDITOR'S AMENDED OBJECTIONS
### TO TRUSTEE'S FINAL REPORT

Creditor, Bellande & Sargis Law Group, LLP ("Creditor BSLG"), pursuant to the Notice of Trustee's Final Report and Applications for Compensation [Doc. 233] and the Court's scheduling Order [Doc. 245], submits the following objections to the Trustee's Final Report [Doc. 228], as amended:[1]

1. Concerning exemptions claimed by Debtors, the Trustee's Final Report (Exhibit A) shows the following disbursements to Debtors – one paid in 2012 and the other two paid in 2013:

04/14/12 #102 RICHARD AND SANDRA RIESS exemption in Tronox claims 8100-002 $2,550.00

04/01/13 #10007 REISS, SANDRA debtor's exemption 8100-002 $2,550.00

04/01/13 #10010 RICHARD AND SANDRA REISS debtors exemption 8100-002 $2,550.00

However, Debtors' amended Schedule C [Doc. 27] claim only two exemptions in amounts of $2,550, not three. One claimed exemption relates to Debtor Sandra Riess's "financial loss" claimed in the DuPage fraud case and the other exemption relates to Debtors' interest in the funds collected by BSLG from the Tronox bankruptcy based on environmental claims. Based on recent discussions with the Trustee's counsel, the Trustee has agreed that one of the two 2013 disbursements was made in error, duplicating the 2012 disbursement and, consequently, agreed for the Trustee's compensation to be reduced by this amount ($2,550.00).

2. Concerning the compensation requested by the Trustee under Section 326, the calculation in her Amended Application for Compensation [Doc. 232] states it is based on

---

[1] This objection is amended after counsel for BSLG and counsel for the Trustee discussed and resolved some of BSLG's initial objections and questions, but were unable to agree on the remaining objections.

$151,765.75 in "total disbursements to parties in interest." This figure is not further explained in the Trustee's Application and is not listed in the Final Report or in the Trustee's Summary [Doc. 233] (Exhibit B), but it appears to result from subtracting the amount of exemptions paid to Debtors ($30,150.00) from gross receipts (181,915.75). This figure, however, includes the amount of the Trustee's own counsel's interim compensation ($8,480.50 in fees) as well as $6,602.70 in total monthly bank fees.

3. Under 11 U.S.C. § 326(a), a trustee's not-to-exceed percentage commission should be calculated based "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims. However, neither the Bankruptcy Code nor the rules define the term "party in interest" (except in the context of Chapter 11, under Section 1109(b)). *See In re FBN Food Services, Inc.,* 1995 WL 230958 (N.D. Ill. 1995) (meaning of "party in interest" is determined on a case-by-case basis). In interpreting this term generally, the Seventh Circuit has stated: "We think [it means] that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains, thus making explicit what is implicit in an in rem proceeding – that everyone with a claim to the res has a right to be heard before the res is disposed of since that disposition will extinguish all such claims." *In re James Wilson Assoc.*, 965 F.2d 160, 169 (7th Cir.1992). Non-creditors may be deemed parties in interest if they demonstrate a stake in the outcome of a bankruptcy matter. *In re UNR Industries*, 71 B.R. 467, 471 (Bankr.N.D.Ill.1987), *cited by In re FBN, supra.*

4. Some bankruptcy courts have held that, under Section 326, professionals hired by the Trustee should not be considered "parties in interest," whether as a *per se* rule or applied in specific circumstances. *E.g., In re Testaverde,* 317 B.R. 51 (E.D.N.Y 2004) (affirming judge's exclusion of trustee counsel's fee in re-calculating statutory cap); *In re All Island Truck Leasing Corp.*, __ B.R. __, 2016 WL 821174 (E.D.NY March 2016). *But see, e.g., In re Nardelli,* 327 B.R. 488, 490 (M.D. Fla. 2005) (interpreting "party in interest" to exclude such professionals "is too constrictive"). One court, *In re Kohl*, 421 B.R. 115, 130 (S.D.N.Y. 2009), observed:

> "Courts are split on this issue [of whether the Trustee should include payments to its own professionals in the amount distributed] when calculating its commission. Some find that administrative payments to the trustee's own professionals should not be included when computing the trustee's award. Others find it wholly acceptable to include all distributions, including those made to professionals employed by trustees when calculating the maximum statutory commission. 3 COLLIER ON

2

BANKRUPTCY 326.02[2][e] ("There is disagreement over whether payments to administrative expense claimants should be included when computing the cap.")."  There does not appear to be any case on point within our own District.

5. The calculation in Section 326 remains permissive, not mandatory. In this particular case, creditor BSLG questions whether compensation payable to the Trustee and her own counsel and/or certain administrative expenses (bank charges) should be included automatically in the total of disbursements to "parties in interest" for purposes of calculating a percentage commission. This is a different question than whether payment for such administrative expenses is proper. Furthermore, the qualifier "parties in interest" would not be necessary if Congress had intended the calculation to be based on all disbursements (excluding to the debtor).

6. Even if the Court allows the Trustee to include her own and counsel's compensation plus the bank fees in the "base" for calculating a commission under Section 326(a), it "does not necessarily mean that the Trustee's total commission is reasonable." *In Re Kohl, supra,* at 131-132 (amounts in section 326 are the "upper limit," citing 3 COLLIER ON BANKRUPTCY 326.02[1]). Courts in our District affirm the commission should not result in a windfall to a trustee, and there is no presumptive right of a Chapter 7 trustee to receive the maximum compensation permitted by section 326. *See In re Phillips*, 392 B.R. 378 (2008) (reasoning that some "lodestar" factors survived 2005 code amendments and concluding that court retains discretion to make appropriate award based on relevant facts and circumstances). *See also* Creditor BSLG's arguments in its Amended Objection to Applications for Compensation [Doc. 246]. Calculation of the Trustee's commission therefore remains a subjective determination based on reasonableness. *In re Luedtke,* 2011 WL 806003 (C.B. Ill. 2011) (where significant portion of funds to be distributed required little work on trustee's part to collect) (slip copy included as <u>Exhibit C</u>). Furthermore, in this case, Creditor BSLG has raised objections to compensation based on the ease of turnover of funds and whether the Trustee's counsel, in part, performed statutory duties of the trustee, which might affect compensation approved for the Trustee's counsel if not (also) for the Trustee. *In Re Stevens*, 407 B.R. 303 (N.B. Ill. 2009) (J. Black) (court examined counsel's time entries for overlap of tasks with trustee's duties).

7. In this case, Creditor BSLG's allowed claims represent more than 58% of the total among general unsecured creditors. Consequently, BSLG is the creditor most affected by the amount of compensation approved for the Trustee and her counsel, including the method of calculation and any appropriate adjustments to be applied based on specific facts in this case.

8. In summary, if, in calculating a commission under Section 326, total disbursements to "parties in interest" should exclude the Trustee's compensation, fees paid to the Trustee's counsel ($8,480.50 in interim compensation but subject to pending objection) and/or monthly fees paid to the bank ($6,602.70), then BSLG and other unsecured creditors (the primary "parties in interest") should receive a greater share of distribution. Beyond how the commission is calculated initially, the Trustee's compensation should be reduced by the amount of "extra" exemption paid in error ($2,550.00), which the Trustee has now acknowledged. In addition, the Trustee should amend the Final Report to reflect any further adjustments (reductions) the Court may make to compensation for the Trustee and/or her counsel under 11 U.S.C. § 330(a)(2), based on the facts and arguments presented here and in Creditor BSLG's Amended Objection to Applications for Compensation.

WHEREFORE, Creditor, BELLANDE & SARGIS LAW GROUP, LLP, requests that the Court: (1) clarify whether the initial calculation of commission under Section 326(a) should exclude amounts paid for the Trustee, the Trustee's professional fees and administrative expenses; (b) order and allow the Trustee to correct and amend the Final Report based on any acknowledged errors and adjustments made by the Court to compensation for the Trustee and/or her counsel; and (3) grant such additional relief as the Court may deem fair and equitable.

Date:   April 8, 2016

Respectfully submitted,
BELLANDE & SARGIS LAW GROUP, LLP

BY:   /s/ Mark R. Sargis
        One of its attorneys

Mark R. Sargis (ARDC #6193673)
Bellande & Sargis Law Group, LLP
129 W. Wesley Street
Wheaton, IL  60187
(312) 853-8701

P:\2322-008\44897

4