IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-19918 |
| | ) | |
| RICHARD and SANDRA RIESS, | ) | Chapter 7 |
| | ) | Honorable Donald R. Cassling |
| Debtors. | ) | KANE County Case |

### NOTICE OF MOTION

To:   Patrick S. Layng, U.S. Trustee, *via ECF*
      Brenda Helms, Trustee, *via ECF*
      Mark Sargis, BELLANDE & SARGIS, *via ECF*

   Please be advised that on June 17, 2016 at 11:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Donald Cassling or any judge holding court in his absence at the Kane County Courthouse, Room 240, 100 S. Third Street, Geneva, Illinois, I will then and there present the attached Final Application for Compensation and Reimbursement at which time and place you may appear as you see fit to do.

### CERTIFICATE OF SERVICE

   I, the undersigned, an attorney, hereby state the pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing Notice of Motion and Final Application for Compensation to be served on all persons set forth above and identified as Registrants through the Court's Electronic Notice for Registrants, and on all others listed as mail recipients by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Lisle, Illinois, on May 24, 2016 on or about 5:00 p.m.

                                          /s/ Richard L. Hirsh

Richard L. Hirsh, Esq.
RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532
630/434-2600
630/434-2626 Fax
Atty. #1225936

IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-19918 |
| | ) | |
| RICHARD and SANDRA RIESS, | ) | Chapter 7 |
| | ) | Honorable Donald R. Cassling |
| Debtors. | ) | KANE County Case |

FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT

Now comes Richard L. Hirsh, counsel for the Trustee and makes the following application for compensation pursuant to 11 U.S.C. §330, and in support states as follows:

1. This case was filed May 10, 2011. Brenda Helms was appointed interim trustee. The undersigned Applicant was engaged as counsel by the Trustee, with the permission of this court on August 19, 2011.

2. The undersigned has been licensed to practice law for nearly 40 years, and is admitted to the Trial Bar of this Court, and his practice is concentrated in bankruptcy and related matters. The current rate for work of this nature that applicant charges is $350/hr.

3. The initial purpose of the engagement was to prosecute the turnover of a prepetition of personal injury recoveries obtained by debtor, to analyze exemptions claimed by the debtor and to analyze claims and file objections to exemptions and claims.

4. Prior to the filing of the petition for relief the debtors had made claims personal injury and other claims against the sellers and prior owners of the home they owned on West Chicago, IL. The claims arose from the fact that the home was built on a polluted super fund cite. The debtors had no knowledge of same but it was known to prior owners and real estate brokers involved. Debtors had reached settlements totaling almost $200,000.00 however the funds had not been turned over to them and were in the hands of either their own counsel in the case of Mark Sargis or was being held by defense attorneys.

5. Once the funds were turned over to the court, it was necessary to determine and assure that liens of the United States for Medicare, etc., were either satisfied or waived. That actually turned into a time-consuming project because of the interplay between the U.S. Attorney's office and departmental-agency counsel.

6. The Debtors filed certain exemptions which the trustee deemed questionable and certain claims appeared inappropriate.

7. The trustee assigned the undersigned to represent her in the foregoing matters and to assist in the administration of the estate.

8. Eventually, all of the funds were turned over to the trustee, the matters concerning the claims or interest of Medicare on the funds were resolved; and the secured creditor with a lien or charging order on certain funds was paid.

9. Thereafter in November, 2013, the undersigned presented his first application for compensation and reimbursement of expenses in the amount of $8480.50 for fees plus expenses of $27.08. That application was allowed in full and said sums were paid by the Trustee. Those fees and expenses were incurred not later than November 1, 2013.

10. In late 2013 and early 2014, there were 4 court appearances related to claim objections cross-filed between the law firm of Bellande & Sargis and attorney Gloor, who had filed competing objections to each other's claims. The Trustee determined not to take any position on these competing claims and the undersigned stopped attending the hearings or monitoring same.

11. Thereafter, no services were rendered to the estate until the current controversy concerning the Trustee's Application for Compensation and Final Report arose.

12. Recently, when the Trustee made her proposed final report, the Court had the opportunity to review the prior fees and expenses awarded to the undersigned, and the Court affirmed its prior award to the undersigned.

13. As shown in the attached statement of services, the undersigned has rendered an additional 13.28 hours of attorney time for November 2, 2013 through May 20, 2016; fees accrued through that date are $4,648.00 and costs for the latest transcript of $43.56 A detailed time and task statement/invoice is attached. The total balance sought is $4,691.56.[1]

14. Except for court appearances described above, all of the services were related to the controversy concerning the objection to the Trustee's Final Report and Application for Compensation.

15. The Court is reminded that the objections raised were denied in part and sustained in part. The services were necessary, if for no other reason, to establish the propriety of the procedures utilized by the Trustee in preparing her final report and the basis for compensation. In addition, the objecting party attacked the propriety of the previous fees awarded to the undersigned. The judge presiding affirmed that prior fee award.

16. Obviously, it was appropriate and necessary to address all issues raised by the objecting party (in fact certain points were also conceded by the Trustee as well).

---

[1] The attached invoice shows a previous balance of $7.00. That amount is not being sought.

17. This application is a final application as there are no matters pending which remain to be resolved and the estate is being closed.

Wherefore, Richard L. Hirsh prays for a final award of compensation as follows:

A. An award of fees in the amount of $4,648.00 for fees and costs in the amount of $43.56.

B. If appropriate, confirmation of the total compensation, of $13.192.12, which includes the prior award of $8,500.56.

C. Such other relief the Court deems appropriate.

                                                    Respectfully submitted,

                                                    /s/ Richard L. Hirsh

Richard L. Hirsh
RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532
630/434-2600
630/434-2626 Fax
Atty. #1225936